**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELAINE McCOY, on behalf of herself and all others similarly situated,

Plaintiff-Appellant,

v.

NESTLE USA, INC., a Delaware Corporation,

Defendant-Appellee.

No.    16-15794

D.C. No. CV 15-4451 JCS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before:      TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Elaine McCoy appeals the dismissal of her putative class action lawsuit against Defendant-Appellee Nestlé USA, Inc. ("Nestlé").[1] Nestlé is one of the world's largest chocolate companies and sources some of its cocoa beans from the Ivory Coast (or Côte d'Ivoire). The Bureau of International Labor Affairs of the United States Department of Labor recognizes that cocoa beans from the Ivory Coast are produced using "the worst forms of child labour." Therefore, Nestlé's supply chain may include child and forced labor, but the company does not disclose this on its labels.

McCoy argues that by not labeling its products, Nestlé misled purchasers and thereby violated California's consumer protection laws. Specifically, McCoy brings suit under (1) California Civil Code §§ 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"); (2) California's Business & Professions Code §§ 17200, *et seq.*, the Unfair Competition Law ("UCL"); and (3) California's Business & Professions Code §§ 17500, *et seq.*, the False Advertising Law ("FAL").

The district court dismissed all of McCoy's claims. We review de novo, *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013), and affirm.

---

[1] This appeal is one of seven related cases that were consolidated for oral argument. For a more fulsome discussion of the issues in these appeals, please refer to the published opinion in *Hodsdon v. Mars, Inc.*, __ F.3d __, No. 16-15444, 2018 WL 2473486 (9th Cir. Jun. 4, 2018).

**1.**     McCoy argues that Nestlé had a duty to disclose, on its labels, the existence of child labor in its supply chain. Plaintiff failed to allege that the existence of child labor in the supply chain affects the chocolate products' central function. *See Hodsdon*, 2018 WL 2473486 at *6. Therefore, Nestle was under no duty to disclose. *Id.*[2]

**2.**     "[A]lthough a claim may be stated under the CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, *or an omission of a fact the defendant was obliged to disclose.*" *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 126 (Ct. App. 2006) (emphasis added).  Therefore, Nestlé did not violate the CLRA.

**3.**     The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  "Because Business & Professions Code § 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999)

---

[2]     We assume for the purposes of this appeal that the existence of child labor in the supply chain is material to consumers.  We do not reach whether Plaintiff sufficiently alleged that Defendant had the requisite exclusivity of knowledge over the consumer.

(citations and internal quotation marks omitted).  Plaintiff claims that Nestlé is liable under all three varieties.

Nestlé is not liable under the unlawful prong because McCoy did not state a claim under the CLRA.  Likewise, McCoy cannot state a claim under the fraudulent prong because Nestlé did not have a duty to disclose the forced labor. *See Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 188 (Ct. App. 2007).  Finally, McCoy cannot state a claim under the unfair prong pursuant to either of the California tests.  *See Hodsdon*, 2018 WL 2473486, at *7–8. Therefore, McCoy did not state a UCL claim.

4.      For the purposes of the FAL, whether an advertisement is misleading is determined by asking whether a reasonable consumer would likely be deceived. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012). McCoy's FAL claims fail because "a failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone."  *See Daugherty*, 51 Cal. Rptr. 3d at 128.

•  ●  •

The judgment of the district court is

**AFFIRMED.**[3]

---

[3]     Plaintiff has an outstanding motion to certify a question to the California Supreme Court; however, the question is not outcome determinative. *See* Cal. R. of Court 8.548(a)(1) ("The [California] Supreme Court may decide a question of California law if . . . [t]he decision could determine the outcome of a matter pending in the requesting court."). We therefore deny the motion to certify.